IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRANCE HINES,<br><br>    Plaintiff,<br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Case No. 22-cv-03159<br><br>District Judge: Hon. Virginia M. Kendall |

**DEFENDANT UNITED AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendant, UNITED AIRLINES, INC. ("UNITED"), by and through its undersigned counsel, KMA ZUCKERT LLC, and for its Answer and Affirmative Defenses to Plaintiff TERRANCE HINES' Complaint at Law, states as follows:

**ANSWER**

1. This is a blatant, clear cut, and outrageous case of racial profiling and discrimination perpetrated against an African American male who was a patron of United Airlines on or about July 12, 2021, seeking to travel roundtrip between Norfolk, VA and Lost Angeles, CA. Despite the present climate of racial hatred in the country, it remains disturbing that an American citizen would be subjected to such conduct as a paying customer of a major American corporation in the year 2021. In short, the Plaintiff, Terrance Hines, who has long dreadlocked hair, was prematurely and without justification removed from a United Airlines flight for allegedly having caused a "disturbance" on the flight by "leaning against the person next to him while he (Mr. Hines) was asleep."

**ANSWER:** United admits only that Plaintiff booked a roundtrip ticket for transportation by air between Norfolk, Virginia and Los Angeles, California on July 12, 2021. The remaining

allegations of Paragraph 1 consist of declarations and/or conclusions of law that do not require a response. To the extent a response is required to the remaining allegations of Paragraph 1, United expressly denies all allegations.

2. Mr. Hines had bought a United Airlines roundtrip ticket with the intention of flying to Los Angeles to purchase a French Bulldog puppy from a breeder, in cash, for $10,000, as was requested by the breeder. Mr. Hines had worked out an arrangement with his cousin, Jamal Williams, who was based in Los Angeles, that required that he bring with him $9,150 in cash. As a truck driver who owns a trucking company that requires that he drive long distances to transport imported and exported products, Mr. Hines had gotten very little sleep the night before his flight, and thus was very tired. Mr. Hines traveled the first leg of his trip to Chicago, IL for a layover. After he had boarded the first United Airlines aircraft in Chicago, which apparently had some mechanical problems, Mr. Hines ultimately was directed to board United Airlines Flight No. 2649 ("Flight 2649") that was scheduled to arrive in Los Angeles later that evening, with the $9,150 in cash stored in his pocket. Mr. Hines, who was wearing a blue hooded sweatshirt, his COVID-19 protective mask, sunglasses, and gold necklaces, boarded Flight 2649 without incident and sat down in his assigned seat next to an approximately 50-year-old Caucasian female.

**ANSWER:** United admits only that Plaintiff was a ticketed passenger on board United Airlines Flight No. 2649 on July 12, 2021, with service from Chicago, Illinois to Los Angeles, California. United has insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2, and therefore expressly denies the allegations contained therein.

3. Because he was exhausted, having been awake at that point for about 16 or 17 hours, once Flight 2649 became airborne at approximately 8:47 Central time, Mr. Hines recalls placing his cellphones in the back pocket of the seat in front of him, reclining his seat, tilting his head back on his own assigned headrest, and falling off to sleep. Mr. Hines remained asleep during

the flight but was abruptly awakened when the flight had made an emergency landing in Denver, CO, which he was to find out later. Mr. Hines was awakened by a voice that stated, "excuse me sir!" Mr. Hines recalls tilting his head off the seat and responding, "what's up?" The voice had come from a police officer who replied to Mr. Hines that "you have to get off the aircraft as you have caused a disturbance." Mr. Hines' immediate response to this directive was to ask, "Are you sure you have the right person?" The police officer then said something to the police officer who was with him, and the second police officer in turn said something to a United Airlines employee. The first police officer then confirmed to Mr. Hines that he had to leave the aircraft.

**ANSWER:** United admits only that United Airlines Flight 2649 was diverted to Denver, Colorado on July 12, 2021, and that Plaintiff was removed from the aircraft. United has insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3, and therefore expressly denies the allegations contained therein.

4. The police officers then started to exit the aircraft. Mr. Hines stood up and retrieved his belongings, checked his bag, and also checked his pocket to make sure the cash he had stored there was still there. Mr. Hines then had to experience his "walk of shame" behind the two police officers and the United Airlines employee, walking pass the other passengers with a feeling of extreme embarrassment, as Flight 2649 had made an emergency landing for the purpose of ejecting him from the flight at approximately 10:45pm Mountain time. Mr. Hines followed the police officers and the United Airlines employee down the jet bridge and into the Denver airport where there was a group of Colorado police officers waiting. Mr. Hines asked the police officers, "what are y'all trying to say that I did?" And one of the officers responded, "we do not have any further information." At some point, Mr. Hines realized that he had left his cellphones in the back pocket of the seat that was in front of him, and the Untied Airlines employee went back inside the aircraft to retrieve them. Mr. Hines looked around the airport, which appeared to be virtually empty, and

3

everything seemed to be closed. Mr. Hines stood in fear for his physical safety with a group of approximately 6-10 officers standing around him. Mr. Hines again asked a police officer what he was being accused of and that officer said, "I don't have any further information." Mr. Hines responded, "they just landed a plane and y'all got me off and you don't know why." Mr. Hines further indicated to the officer that he was really in fear at that moment because landing a plane to remove him from it did not make any sense.

**ANSWER:** United admits only that United Airlines Flight 2649 was diverted to Denver, Colorado on July 12, 2021, and that Plaintiff was removed from the aircraft. United has insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore expressly denies the allegations contained therein.

    5.  Once the United Airlines employee came back with Mr. Hines' cellphones, Mr. Hines again asked one of the police officers, in the presence of the United Airlines employee, if he knew why he (Mr. Hines) had been removed from the aircraft. The officer again said he did not know. By this time, it was approximately 11:06pm Mountain time, and 1:06am Eastern time, when Mr. Hines called his fiancé, who was in Norfolk, VA, put her on the speakerphone, and told her, with the police officers present, that he had been removed from the plane. After approximately 20-25 minutes of he and his fiancé questioning the police officers as to what was happening, the United Airlines employee returned, went to the United Airlines desk, and said Mr. Hines "was leaning against the person next to him while he (Mr. Hines) was asleep, and that he (Mr. Hines) was banned from the airlines, but he could get a refund."

**ANSWER:** United admits only that United Airlines Flight 2649 was diverted to Denver, Colorado on July 12, 2021, and that Plaintiff was removed from the aircraft. United has insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 5, and therefore expressly denies the allegations contained therein.

6. Mr. Hines believes that he was racially profiled because of his long dreadlocks, which is a hairstyle most commonly worn by African American males that some white persons find intimidating, a hooded sweatshirt, which is most commonly worn by African American males that some white persons find intimidating, and sunglasses while inside an enclosed structure such as an airplane and gold necklaces, both of which have come to be commonly associated with African American males that white persons find intimidating. Mr. Hines further believes that certain Caucasian United Airlines passengers had indicated that they did not feel comfortable with Mr. Hines being on the aircraft, and for that reason, United Airlines used as a pretext to eject him from the flight that he "was leaning against the person next to him while he (Mr. Hines) was asleep." If it were true that Mr. Hines was causing a disturbance by his sleeping posture, nobody had attempted to awaken Mr. Hines to ask him to adjust his sleeping posture, nor had anybody complained to him at all.

**ANSWER:** United denies each and every allegation of Paragraph 6.

7. Mr. Hines was terrified by the drastic action taken by United Airlines. He was not interviewed by the Denver, CO police officers that met him at the Denver Airport terminal, and was not arrested. Instead, he was offered a refund for his plane ticket and was abandoned by United Airlines in Denver, a city where he knew no one, with which he was totally unfamiliar, and had no place to go. Mr. Hines was also informed by a Untied Airlines agent that he was banned from future flights on United Airlines. The next morning, Mr. Hines' fiancé, while attempting to help Mr. Hines find a flight to Los Angeles, called United Airlines and was told that Mr. Hines would not be able to receive a refund because he was a "security" threat. But nothing about the manner in which Mr. Hines was treated is consistent with someone being a security threat on a commercial airline.

**ANSWER:** United admits only that United Airlines Flight 2649 was diverted to Denver, Colorado on July 12, 2021, and that Plaintiff was removed from the aircraft. United has insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7, and therefore expressly denies the allegations contained therein.

8. The incident left Mr. Hines feeling scared, alone, hurt, confused, embarrassed, humiliated and stranded. He was forced to find transportation to a hotel, to make last-minute hotel accommodations in Denver for the night, and he had to purchase a one-way ticket to Los Angeles from Denver to continue his travel plans. He was unable to secure hotel accommodations until seven minutes after midnight, Mountain time. Moreover, Mr. Hines had to purchase a return ticket on a different airline to return to his home in Norfolk, VA from Los Angeles, and because of the extremely disturbing circumstances of his United Airlines Flight 2649 flight, he was unable to achieve the purpose for which he had originated the flight in the first place; that being, to return to Norfolk with the French Bulldog puppy from the Los Angeles-based breeder.

**ANSWER:** United has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore expressly denies the allegations contained therein.

9. The series of outrageous events, which included Mr. Hines missing a connecting flight attempting to return to Norfolk, VA because of a delayed American Airlines flight, caused Mr. Hines to not to land back in Norfolk, VA until July 17, 2021. As a result of what he experienced on the United Airlines Flight 2649, Mr. Hines does not feel comfortable flying anymore, and definitely not alone. This incident was nothing short of a nightmare for him, which he will sadly never forget. He has had issues sleeping and has been going to therapy. His doctor has given him breathing exercises to assist him with being able to sleep. Mr. Hines has purchased weighted blankets to help him sleep. As a truck company owner/driver, he has to sleep at least ten hours

after being on duty for fourteen hours, which sleep he has not been able to get. He has thus not been able to be productive – mentally or physically – in his business.

**ANSWER:** United has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9, and therefore expressly denies the allegations contained therein.

10. This was purposeful racial discrimination perpetrated by United Airlines against Mr. Hines while he was "making and enforcing" a contract, in violation of 42 U.S.C., § 1981(a). Section 1981(b) provides that, "[f]or purposes of [section 1981], the term 'make and enforce contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relations."

**ANSWER:** United denies each and every allegation of Paragraph 10.

11. United Airlines discriminated against Mr. Hines on the basis of his race, by disallowing him to reach his flight destination, arbitrarily instituting an emergency landing and escorting him off the airplane, while not imposing the same restrictions on similarly situated white patrons. Mr. Hines posed no security threat and was caught totally off guard by the entire incident. When considering all of the discriminatory acts in their entirety, as discussed in the previous paragraphs, United Airlines engaged in acts that were egregious and outrageous, and were perpetrated by United Airlines with malice or with reckless indifference to the federally protected rights of Mr. Hines.

**ANSWER:** United denies each and every allegation of Paragraph 11.

## Jurisdiction and Venue

12. This Federal Court has jurisdiction over this claim brought under 42 U.S.C., § 1981.

**ANSWER:** United admits only that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

13. Venue is proper in this judicial district because the Defendant currently resides, or transacts business in this judicial district.

**ANSWER:** United admits only that it is a corporation organized and existing under the laws of the State of Delaware with its headquarters at 233 S. Wacker Drive, Chicago, Illinois 60606. United denies each and every remaining allegation of Paragraph 13.

### The Parties

14. The Plaintiff is an individual who is a citizen of the State of Virginia, and resides at 853 Round Bay Court, Norfolk, VA 23502.

**ANSWER:** United has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14.

15. That the Defendant is an Illinois corporation that is headquartered at 233 South Wacker Drive, Chicago, Illinois 60606.

**ANSWER:** United admits only that it is a corporation organized and existing under the laws of the State of Delaware with its headquarters at 233 S. Wacker Drive, Chicago, Illinois 60606. United denies each and every remaining allegation of Paragraph 15.

### COUNT I

(Violation of 42. U.S.C § 1981 [*sic*])

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

**ANSWER:** United repeats and reasserts each and every answer to Paragraphs 1 through 15 as if fully set forth herein.

17. 42 U.S.C. § 1981 ("Section 1981") guarantees to people of color the same rights to make and enforce contracts as enjoyed by white persons. When an airline refuses to transport passengers holding paid tickets on the basis of race, this violates the passengers' section 1981

8

Contract Clause rights, much like a retail store would incur liability if it refused to permit customers to shop on the basis of race.

**ANSWER:** The allegations of Paragraph 17 consist of declarations and/or conclusions of law that do not require a response. To the extent a response is required, United admits only that 42 U.S.C. § 1981 is a federal statute, but expressly denies that it violated Plaintiff's rights under that statute.

18. Here, Plaintiff Mr. Hines can demonstrate that: (1) he is an African American male, thus is a member of a racial minority; (2) that Defendant United Airlines discriminated against him; (3) that Defendant purposely discriminated against because of his race; and (4) the discrimination concerned one or more of the activities enumerated in 42 U.S.C. § 1981(a).

**ANSWER:** United denies each and every allegation of Paragraph 18.

19. When considering all of the discriminatory acts in their entirety, as discussed herein, Defendant United Airlines engaged in acts that were egregious and outrageous, and were perpetrated by United Airlines with malice or with reckless indifference to the federally protected rights of Plaintiff Mr. Hines.

**ANSWER:** United denies each and every allegation of Paragraph 19.

20. By reason of the foregoing, Defendant violated Plaintiff's rights under Section 1981, causing damages to Plaintiff, as discussed above.

**ANSWER:** United denies each and every allegation of Paragraph 20.

WHEREFORE, Defendant, UNITED AIRLINES, INC., prays for dismissal of Plaintiff's Complaint at Law, for judgment in its favor, including costs and disbursements of this action, and for such other and further relief as this Court deems just, proper, or equitable.

FURTHERMORE, Defendant, UNITED AIRLINES, INC., denies all allegations in Plaintiff's complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant, UNITED AIRLINES, INC. ("United"), pleading in the alternative, and without prejudice to its denials asserted in its Answer to Plaintiff's Complaint at Law, asserts and alleges the following separate and affirmative defenses to Plaintiff's Complaint at Law. By listing any matter as a defense, United does not assume the burden of proving any matter upon which Plaintiff, or any other party, bears the burden of proof under the applicable law. In addition, United specifically reserves the right to restate, amend, or delete any defense, and to assert any additional defense as additional facts become known:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under 42 U.S.C. § 1981 that there was an intent to discriminate on the basis of race. Plaintiff's recovery, if any, depends on Plaintiff's showing that race was a but-for cause of the Plaintiff's injury.

WHEREFORE, Defendant, UNITED AIRLINES, INC., prays for dismissal of Plaintiff's Complaint at Law, for judgment in its favor, including costs and disbursements of this action, and for such other and further relief as this Court deems just, proper, or equitable.

## SECOND AFFIRMATIVE DEFENSE

United did not commit the acts or omissions as alleged in the Complaint for discriminatory purposes, however, such acts or omissions, if taken, would have been taken in any event for legitimate, non-discriminatory, non-pretextual reasons.

WHEREFORE, Defendant, UNITED AIRLINES, INC., prays for dismissal of Plaintiff's Complaint at Law, for judgment in its favor, including costs and disbursements of this action, and for such other and further relief as this Court deems just, proper, or equitable.

### THIRD AFFIRMATIVE DEFENSE

United may refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety. 49 U.S.C. § 44902(b). United had a reasonable basis for a good faith belief that Plaintiff posed a security threat.

WHEREFORE, Defendant, UNITED AIRLINES, INC., prays for dismissal of Plaintiff's Complaint at Law, for judgment in its favor, including costs and disbursements of this action, and for such other and further relief as this Court deems just, proper, or equitable.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained or suffered damages as alleged in the Complaint, which United expressly denies, such damages were suffered and sustained by reason of Plaintiff's own negligence or other culpable conduct or by reason of the negligence or other culpable conduct of persons or entities over whom United expressed no control or supervision, and not by reason of any culpable conduct of United.

WHEREFORE, Defendant, UNITED AIRLINES, INC., prays that it will be wholly or partly exonerated from its liability to Plaintiff to the extent that Plaintiff's negligence or wrongful act or omission, or the negligence or wrongful act or omission of unknown third parties, caused or contributed to Plaintiff's claimed injuries.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly and/or fully mitigate his alleged damages.

WHEREFORE, Defendant UNITED AIRLINES, INC., prays that Plaintiff take nothing by reason of her Complaint at Law, that this Honorable Court dismiss Plaintiff's Complaint at Law, that Defendant United recovers its costs, and for such further relief that this Court deems just.

**SIXTH AFFIRMATIVE DEFENSE**

United, at all times relevant hereto, complied with all applicable laws, regulations, and standards.

WHEREFORE, Defendant, UNITED AIRLINES, INC., prays for dismissal of Plaintiff's Complaint at Law, for judgment in its favor, including costs and disbursements of this action, and for such other and further relief as this Court deems just, proper, or equitable.

**SEVENTH AFFIRMATIVE DEFENSE**

United is not liable to Plaintiff, or its liability, if any, is barred, and/or limited pursuant to its Contract of Carriage.

WHEREFORE, Defendant, UNITED AIRLINES, INC., prays that Plaintiff's rights and remedies, if any, be construed in accordance with the terms of UNITED's applicable General Conditions of Carriage and applicable tariffs.

**RESERVATION**

UNITED AIRLINES, INC. reserves the right to assert against Plaintiff, or any other subsequent defendants or third parties, any other claims or affirmative defenses that may develop during the course of the investigation, discovery, and litigation of this action.

**DEMAND FOR JURY TRIAL**

Defendant UNITED AIRLINES, INC. demands a trial by jury of all claims triable as of right by jury.

Dated: July 7, 2022                                    Respectfully submitted,

                                                       KMA ZUCKERT LLC

                                                       *s/ Marnie A. Holz*
                                                       Telly Andrews (ARDC: 6242431)
                                                       Marnie A. Holz (ARDC: 6309264)
                                                       Yucheng Wang (ARDC: 6330600)
                                                       KMA ZUCKERT LLC

200 West Madison Street
16th Floor
Chicago, Illinois 60606
Tel: (312) 345-3000
tandrews@kmazuckert.com
mholz@kmazuckert.com
ywang@kmazuckert.com

Attorneys for UNITED AIRLINES, INC.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that, on July 7, 2022, pursuant to Fed. R. Civ. P. 5 and LR 5.5, a true and correct copy of the foregoing Defendant United Airlines, Inc's Answer and Affirmative Defenses to Plaintiff's Complaint was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.

*s/ Marnie A. Holz*
Marnie A. Holz
